**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

HENRY TYRONE STEWART,

    Plaintiff,                                                       Civil No. 05-CV-10022-DT

v.

PATRICIA CARUSO, et. al.,

    Defendants,
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Henry Tyrone Stewart, presently incarcerated at Ryan Correctional Facility, has for the second time filed a civil rights complaint pursuant to 42 U.S.C. § 1983, complaining about certain materials that had been confiscated from his possession. For the reasons stated below, Plaintiff's complaint is dismissed for a second time, without prejudice, for failure to exhaust state administrative remedies pursuant to 42 U.S.C. § 1997e(a), and for failure to either pay the $150.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

**I. BACKGROUND**

Plaintiff's two complaints are functionally identical. The first complaint was filed on December 6, 2004 as case number 04-74633; the second complaint was filed on January 24, 2005 as case number 05-10022. In both complaints Plaintiff has claimed that a number of legal documents and pleadings were confiscated from his prison cell by prison guards during two searches conducted in September of 2004. Plaintiff claims that his legal documents and pleadings were confiscated pursuant to a new Michigan

Department of Corrections ("M.D.O.C.") policy, DOM-2004-8, which prohibits prisoners from possessing any books, pamphlets, forms or other materials which involve the Uniform Commercial Code ("U.C.C."), because these materials can be used to facilitate fraudulent and other criminal activity, such as schemes involving a prisoner "copyrighting" his own name and asserting that subsequent use thereof entitles the prisoner to damages. *See* Exhibit A to Complaint #04-74633, Director's Office Memorandum 2004-8, at 1, dated March 30, 2004.  The Department of Corrections determined that such materials can pose a risk to the custody and security of the prison facility.

On September 20, 2004, Plaintiff was interviewed by Defendant Wade, an inspector for the M.D.O.C.  Plaintiff informed Wade that the legal materials that had been confiscated from his prison cell could not be considered "contraband," as defined in DOM-2004-8, because none of the legal documents involved fraudulent activity or posed a risk to the custody or security of the facility where Plaintiff was incarcerated. Plaintiff further informed Wade that all of the confiscated legal documents had been filed in various state and federal courts and that all of these cases remained pending. Defendant Wade refused to return the documents to Plaintiff.

On September 29, 2004, an informal hearing was conducted by Defendant Captain Beard, during which Plaintiff made the same arguments about the confiscated legal materials that he had made to Defendant Wade.  Captain Beard refused to return the confiscated legal material to Plaintiff.

On October 11, 2004, a formal administrative hearing was conducted by Defendant Brenda Chalk, the resident unit manager.  Plaintiff again made a request for

the return of his confiscated legal materials.  Defendant Chalk denied his request and informed Plaintiff that he would have to mail these documents out of the prison facility.

On October 3, 2004, Plaintiff filed a Step I grievance with respect to the confiscated legal materials.  Plaintiff claims that the M.D.O.C. has failed to respond to the grievance.  The court commented in its first order of dismissal that Plaintiff had acknowledged he filed no grievances at Steps II or III of the grievance process because he claimed that speedier relief was necessary to prevent a miscarriage of justice.

The court dismissed Plaintiff's first complaint on December 17, 2004, for failure to exhaust administrative remedies [Dkt. #4, Case #04-74633]. Plaintiff filed his second complaint on January 24, 2005, a mere month after the first complaint was dismissed.[1] Plaintiff has filed his second complaint without either paying the $150.00 filing fee or filing an original Application to Proceed Without Prepayment of Fees and Costs.  The second complaint again seeks injunctive and monetary relief, and for the first for nine pages is a verbatim copy of the first complaint, with several added pages after page nine setting forth assorted nonsensical positions related to the UCC (e.g., "Plaintiff Henry Tyrone Stewart© is not a statutory or juristic person or entity and never has been .

---

[1] This case, while assigned to another judge, was labeled at the outset by the Clerk as a possible "companion case" suitable for transfer to this judge's docket.  It remained on the docket of the other district judge from the time of filing until October 11, 2006, when that judge's chambers staff contacted this judge's chambers inquiring whether reassignment would be accepted under the companion case rule.  It appears from the docket sheet that no action of note had taken place in the 21-month interim.  It is regrettable –and rare– that a case would remain on the docket for that length of time without progress or resolution.  It is noteworthy, however, that despite this delay, Plaintiff has neither inquired about the status of his case nor has Plaintiff taken the opportunity to remedy his deficiency by either paying the filing fee or submitting an Application to Proceed Without Prepayment of Fees and Costs.

. . " (Complaint, Case # 05-10022 at 12)(copyright symbol in original); "Plaintiff Henry Tyrone Stewart© [sic] is not a citizen, resident, person or subject, as defined in the laws of the United States . . . " (*Id.* at 13)(emphasis and copyright mark in original)).[2]

## II. DISCUSSION

Plaintiff's Complaint will be dismissed because Plaintiff has still failed to properly exhaust his administrative remedies. 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See VanDiver v. Martin,* 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

A prisoner filing a 42 U.S.C. § 1983 case involving prison conditions must allege and show that he has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998). Federal courts may enforce the exhaustion requirement *sua sponte. Id.* A prisoner's *pro se* § 1983 action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his state administrative remedies as required by the PLRA. *Id.*

The M.D.O.C. has established a grievance system whereby prisoners may seek redress for alleged violations of policy and procedure or unsatisfactory conditions of

---

[2] Plaintiff's copyright and quasi-U.C.C. language, as described above, constitutes fairly clear evidence of the very thing the D.O.C. policy appears to address, e.g., this prisoner attempting to present himself as "a titled Sovereign," something apparently supposed to resemble an insulated or incorporated entity, and not a natural "citizen, resident, person or subject."

confinement.  *See* M.D.O.C. Policy Directive 03.02.130 (December 19, 2003). [3]  Under the grievance system, the grievant must make a reasonable effort to resolve a dispute verbally within two business days of becoming aware of a grievable issue.  *Id.* at R.  If discussion does not resolve the dispute, the grievant may prepare a written grievance and submit it to the Step I grievance coordinator at the facility within five business days of discussing the issue with staff.  *Id.* at R, X.  A Step I grievance shall be responded to within fifteen business days of receipt of the Step I grievance.  *Id.* at Y.

     If the grievant is dissatisfied with the Step I response or does not receive a timely response, he or she may appeal to Step II within five business days of receiving the Step I response, or if no response was received, within five business days after the date that the response was due.  *Id.* at V, DD.  If the grievant is dissatisfied with the Step II response or does not receive a timely response, he or she may appeal to Step III by sending a Step III grievance form to the Prisoner Affairs Section within ten business days of receiving the Step II response, or if no Step II response was received, within ten business days after the Step II response was due.  *Id.* at V, HH.  A Michigan prisoner must pursue all three steps of the grievance procedure in order to properly exhaust his administrative remedies.  *See Chamberlain v. Overton,* 326 F. Supp. 2d 811, 815 (E.D. Mich. 2004).

---

    [3] A grievant may not contest the content of a policy or procedure.  *Id.* at E.  In addition, the following issues are not grievable: (1) decisions made by hearings officers of the Office of Policy and Hearings and decisions made in minor misconduct hearings; (2) decisions made by the Parole Board; and (3) issues that are not within the authority of the Department to resolve.  *Id.* at F.

As in his first complaint, Plaintiff acknowledges in the present case that he has not filed grievances at Steps II and III of the grievance process, but argues that he should be excused from having to exhaust his claims because he has yet to receive a response to his Step I grievance and requires a speedier form of relief than that offered by the M.D.O.C.'s grievance procedure.

Although the pre-PLRA statute required " exhaustion of such plain, speedy, and effective administrative remedies as are available," the current PLRA section 1997e(a) does not condition the exhaustion requirement on the administrative remedies being 'plain, speedy, and effective.'" *See* 42 U.S.C. § 1997e(a)(1)(1994); *Alexander v. Hawk*, 159 F. 3d 1321, 1326 (11th Cir. 1998); *Onapolis v. LaManna*, 70 F. Supp. 2d 809, 811 (N.D. Ohio 1999).  The removal of the qualifiers 'plain, speedy, and effective' from the PLRA's mandatory exhaustion requirement indicate that Congress no longer wanted federal courts to examine the effectiveness of the prison administrative remedies but to instead focus solely on whether an administrative remedy program is available in the prison involved. *Alexander,* 159 F. 3d at 1326.  In this case, even if Plaintiff's Step I grievance against Defendants was not responded to, he was required to continue to the next step in the grievance process within the time frame set forth in the M.D.O.C. regulations if no response was received from prison officials.  *See Hartsfield v. Vidor,* 199 F. 3d 305, 309 (6th Cir. 1999); *See also Kennedy v. Wurth,* No. 01-2619, 36 Fed. App'x. 553, 554 (6th Cir. 2002).  Therefore, if M.D.O.C. officials did not respond to Plaintiff's Step I grievance within the time frame set forth in P.D. 03.02.130, ¶ Y, Plaintiff was required to file a Step II grievance at the next level of the grievance process if he failed to receive a timely response.

Although Plaintiff has made some attempts in this case to go through prison grievance procedures, the complaint must be dismissed, because Plaintiff filed (in actuality, *re*-filed) his suit before allowing the administrative process to be completed. *Freeman v. Francis,* 196 F. 3d 641, 645 (6th Cir. 1999). Because exhaustion is a precondition to filing an action in federal court, Plaintiff may not exhaust his administrative remedies during the pendency of this federal suit. *Id.* Because Plaintiff has failed to present evidence that he has fully exhausted his grievance by appealing it through the M.D.O.C.'s three step administrative review process, Plaintiff has failed to show that he exhausted his administrative remedies with respect to this claim. *See Williams v. Johnson,* No. 01-1138, 20 Fed. App'x. 365, 367 (6th Cir. 2001).

In addition, Plaintiff failed to either pay the required filing fee or seek *in forma pauperis* status by filing an Application to Proceed Without Prepayment of Fees and Costs when filing his complaint. Accordingly,

### III. CONCLUSION

IT IS ORDERED that the Plaintiff's Civil Rights Complaint filed pursuant to 28 U.S.C. § 1983 is DISMISSED, WITHOUT PREJUDICE, for failure to exhaust state administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and for failure to either pay the $150.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

Plaintiff is CAUTIONED that an attempt to again re-file the substance of this complaint without first exhausting administrative remedies may result in a dismissal *with* prejudice or other sanctions.

                                            s/ Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

Dated: October 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 13, 2006, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522